Kelly W. Cunningham, Esq., No. 186,229
   *kcunningham@cislo.com*
C. Wook Pak, Esq., No. 244,780
   *wpak@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
Colt International Clothing, Inc.
dba Colt LED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLT INTERNATIONAL CLOTHING INC. dba COLT LED, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>QUASAR SCIENCE, LLC, a California limited liability company; CINELEASE, INC., a Nevada corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; MANHATTAN BEACH STUDIOS LLC, a California limited liability company; DADCO, LLC, a California limited liability company,<br><br>    Defendants. | Case No. 2:17-cv-7325___<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

For its complaint, Plaintiff Colt International Clothing Inc. alleges as follows:

## I.    PARTIES

1. Plaintiff Colt International Clothing Inc. dba Colt LED (hereinafter "Plaintiff" or "Colt") is a corporation organized under the laws of the State of

California having a principal place of business at 19839 Ellis Henry Avenue, Santa Clarita, California 91321. Colt offers for lease/sale and leases/sells high quality bicolor LED lighting tubes used primarily in the entertainment industry, among other products.

2. Upon information and belief, Defendant Quasar Science, LLC (hereinafter "Quasar") is a limited liability company organized under the laws of the State of California having a principal place of business at 687 S. Anderson Street, Los Angeles, California 90023.

3. Upon information and belief, Defendant Cinelease, Inc. (hereinafter "Cinelease") is a corporation organized under the laws of the State of Nevada having a place of business at 999 Vanderbilt Beach Road, Suite 300, Naples, Florida 34108.

4. Upon information and belief, Defendant Warner Bros. Entertainment Inc. (hereinafter "Warner Bros.") is a corporation organized under the laws of the State of Delaware having a place of business at 4000 Warner Blvd., Burbank, California 91522.

5. Upon information and belief, Defendant Manhattan Beach Studios, LLC (hereinafter "MBS") is a limited liability company organized under the laws of the State of California having a place of business at 1600 Rosecrans Avenue, Manhattan Beach, California 90266.

6. Upon information and belief, Defendant Dadco, LLC (hereinafter "Dadco") is a limited liability company organized under the laws of the State of California having a place of business at 11078 Fleetwood Street Sun Valley, California 91352.

7. Plaintiff reserves the right to amend this complaint to name additional defendants if and when they have been ascertained.

8. The above-named defendants may be collectively referred to herein as "Defendants."

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) since the patent infringement claims arise under the Patent Act, and in particular, 35 U.S.C. §§ 271 and 281.

10. This Court has personal jurisdiction over Quasar in that Quasar resides in this judicial district and is a corporation registered with the State of California to conduct business within this State. Additionally, Quasar has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 in this judicial district, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, leased, offered to be leased, offered to be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

11. This Court has personal jurisdiction over Cinelease in that Cinelease, on information and belief, purchases the accused products in this judicial district, and has a contractual and business relationship with the Walt Disney Company ("Disney") to sell and/or lease the accused products to certain movie studios in this judicial district. Cinelease, on information and belief, also maintains a warehouse of products at 5375 W. San Fernando Road, Los Angeles, California 90039, within this judicial district, including the accused products. Additionally, Cinelease has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, leased, offered to be leased, offered to be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

12. This Court has personal jurisdiction over Warner Bros. in that Warner Bros., on information and belief, purchases the accused products in this judicial district, and sells and/or leases the accused products to certain production companies in this judicial district. Warner Bros., on information and belief, also

maintains a warehouse of products at its place of business in Los Angeles County, within this judicial district, including the accused products. Additionally, Warner Bros. has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, leased, offered to be leased, offered to be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

13. This Court has personal jurisdiction over MBS in that MBS, on information and belief, purchases the accused products in this judicial district, and sells and/or leases the accused products to certain production companies in this judicial district. MBS, on information and belief, also maintains a warehouse of products at its place of business in Los Angeles County, within this judicial district, including the accused products. Additionally, MBS has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, leased, offered to be leased, offered to be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

14. This Court has personal jurisdiction over Dadco in that Dadco, on information and belief, purchases the accused products in this judicial district, and sells and/or leases the accused products to certain studios and/or production companies in this judicial district, such as Santa Clarita Studios Corporation located in Santa Clarita, California. Dadco, on information and belief, also maintains a warehouse of products at its place of business in Los Angeles County, within this judicial district, including the accused products. Additionally, Dadco has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, leased, offered to be leased, offered to

be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

15. Venue is proper in this judicial district as to the Defendants pursuant to 28 U.S.C. § 1391(b)(1) in that Quasar resides in this judicial district. In addition, pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3), 1391(c)(2), and §1400(b), Defendants, including Cinelease, are subject to personal jurisdiction in this judicial district because they have a regular and established place of business in this judicial district, and/or a substantial portion of the acts and omissions giving rise to the asserted claims occurred in this judicial district.

### III. FACTUAL ALLEGATIONS

16. Colt's President, Guillermo Macias, developed an elongated two color fluorescent light bulbs ("bicolor tube") that is extremely useful for illuminating an area or volume of space.

17. This bicolor tube invention is particularly useful and valuable in photography and movie making industries and took these industries by storm. The bicolor tube can produce two different types of white light, whichever is desired for a particular scene, without having to change bulbs or filters. This substantially reduces rigging time, and given the expensive nature of film and television crew time, results in huge savings. As a result, Mr. Macias' bicolor tubes are used by photography and movie studios all throughout the nation, and in other countries as well.

18. Colt filed a patent application with the United States Patent and Trademark Office ("USPTO") for its innovative bicolor tube, and after patent examination, the USPTO has, to date, awarded Colt a patent, United States Patent No. 9,719,642 ("the '642 patent"). A copy of the '642 patent is attached hereto as **Exhibit 1**. Colt immediately notified the Defendants of the issued patent as soon as it issued and demanded that Defendants stop their infringing conduct. They have

refused to do so, and Colt therefore presents to the Court the present complaint.

19. At all times relevant to the present action, the '642 patent has been and is owned by Colt, valid and active, and fully enforceable against the Defendants.

20. The '642 patent, entitled "Tube Light with Improved LED Array," issued on August 1, 2017, and claims a priority date of May 17, 2012, which is the date Mr. Macias filed his original provisional patent application with the USPTO first disclosing his bicolor tube innovation (Provisional Patent Application Serial No. 61/648,554).

21. Colt has learned, through firsthand knowledge as well as by reference to certain advertising, that Defendant Quasar places and/or has placed on its website that Quasar is making, using, offering for sale, offering for lease, leasing and selling bicolor tubes that infringe the '642 patent (the "accused products"). Prior to filing this lawsuit, Colt obtained a sample of these products manufactured by Quasar and attaches hereto as **Exhibits 2-10** a number of images taken of this sample.

22. Colt attaches hereto as **Exhibits 11-14** certain pages from Quasar's website related to the accused products.

23. Upon close inspection of the sample, along with the content and images provided by Quasar through its website advertising, it is evident that the accused products infringe the '642 patent.

24. Specifically, Colt reproduces below, by way of example, claim 1 of the '642 patent and compares it to the accused product.

1. An LED light system configured for providing broad-spectrum white light suitable for a commercial image recording in a form factor of a fluorescent tube, the LED light system comprising:
   a housing having ends and including a support structure in a form of
      an elongated and narrow surface and having a top side and a
      bottom side;

a plurality of first LEDs mounted on the top side of the support structure and configured to emit broad-spectrum white light in a first predetermined Kelvin temperature range of daylight;

a plurality of second LEDs mounted on the top side of the support structure and configured to emit broad-spectrum white light in a second predetermined Kelvin temperature range of tungsten;

circuitry mounted to the support structure including an LED driver circuit and including means for selectively electronically switching between driving either (i) the first LEDs while the second LEDs are off and (ii) the second LEDs to provide light while the first LEDs are off, wherein the first and second temperature ranges are nonoverlapping, and including a printed circuit board mounted to the support structure for carrying electrical power from a connection to the LED driver and then to the first and second LEDs;

an elongate cover extending substantially a length of the support structure and covering the top side of the support structure for diffusing light emitted by the first and second LEDs; and

wherein the housing and cover together have a linear form factor of a fluorescent tube light having no greater than a length of four feet and a diameter of no greater than about one to one and a half inches, wherein, at one end there is a connection for receiving AC power to be provided to the LED light system and wherein the LED light system is configured to use the power received only at the one said end, and wherein the first and second LEDs are disposed in a plurality of rows and are equally distributed along the length of the top side of the support structure such that the first LEDs and the second LEDs, whichever are on, evenly emit light

   along the length of the top side of the support structure, wherein the light is diffused by the cover and is suitable for the commercial image recording both when the emitted light from the LED light system is in the first temperature range of daylight and when the emitted light from the LED light system is in the second temperature range of tungsten.

25. By way of example only, and without waiving any right to assert any other infringement arguments or showing pertaining to this or any other product, or of any other claim of the '642 patent either directly or indirectly, Colt attaches hereto as **Exhibit 15** a comparison of the accused products in claim chart form in demonstrating that the accused products meet all of the limitations of e.g., claim 1 of the '642 patent.

26. Colt has not licensed or otherwise authorized any of the Defendants (or its dealers, customers, affiliates, or the like) to make, use, sell, lease, offer to lease, or offer to sell the accused products or any systems that fall within the scope of any of the claims of the '642 patent.

27. On May 31, 2017, Colt notified Quasar of the Patent Office's allowance and imminent issuance of a patent for Colt's "bicolor tubular LED light" -- via email correspondence to Quasar's counsel of record, Michael M. Baranov, Esq., who is litigation counsel of record for Cinelease in a pending patent infringement action that Colt has filed against Quasar and Cinelease for infringement of Colt's harness patent, Civil Action No. 2:16-CV-03040 AB (JEMx), and Clark Gross, Esq. -- that the United States Patent and Trademark had announce that it (the USPTO) would be granting to Colt on August 1, 2017 a new patent, as well as the content and scope of the patent claims in the new patent. Then, at least as of August 2, 2017, Colt provided written notice to Quasar of the existence and scope of the '642 patent to Messrs. Baranov and Gross, demanding

that Quasar immediately cease and desist from all such infringing activity.

28. Upon information and belief, Defendant Quasar sells and has sold the accused products to Defendants Cinelease, Warner Bros., MBS and Dadco and potentially others, and Cinelease, Warner Bros., MBS and Dadco re-sell and/or lease the accused products to various companies, photography, production companies, and/or movie studios, which then use the accused products in precisely the manner and configuration as covered by the '642 patent.

29. On May 31, 2017, Colt notified Cinelease of the Patent Office's allowance and imminent issuance of a patent for Colt's "bicolor tubular LED light" -- via email correspondence to Quasar's counsel of record, Mr. Baranov, who is litigation counsel of record for Cinelease in an above-mentioned pending patent infringement action -- that the United States Patent and Trademark had announced that it (the USPTO) would be granting to Colt on August 1, 2017 a new patent, as well as the content and scope of the patent claims in the new patent. Then, at least as of August 2, 2017, Colt provided written notice to Cinelease of the existence and scope of the '642 patent to Mr. Baranov and, at least as of August 2, 2017, to Neale R. Bedrock, Assistant General Counsel for The Hertz Corporation, since The Hertz Corporation, on information and belief, owns and/or controls Cinelease, demanding that Cinelease immediately cease and desist from all such infringing activity.

30. On August 4, 2017, Colt also provided written notice to Warner Bros. -- via letter to Wayne W. Smith, Senior Vice President, Senior Litigation & Chief Patent Counsel for Warner Bros -- of the existence and scope of the '642 patent and demanding that Warner Bros. immediately cease and desist from all such infringing activity.

31. In addition, Colt provided written notice to MBS of the existence and scope of the '642 patent at least as of August 4, 2017, via letter to Joseph Dougherty, Sr. Vice President of MBS, demanding that MBS immediately cease and desist from all such infringing activity.

32. Further, Colt provided written notice to Dadco of the existence and scope of the '642 patent at least as of August 2, 2017, via letter to Ron Dahlquist, CEO of Dadco.

33. Defendants' infringement of the '642 patent, therefore, is willful and has been for some time. Indeed, upon information and belief, Quasar has not altered its product and has not stopped its marketing, conduct or dealings with respect to the accused product since first learning of the '642 patent and scope.

## IV. COUNT I – PATENT INFRINGEMENT
## (35 U.S.C. § 271)

34. Colt hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 33 above.

35. This claim is against all Defendants, and each of them, for patent infringement under 35 U.S.C. §§ 101 *et seq.*, including specifically, § 271(a).

36. Colt's '642 patent (see, **Exhibit 1** attached hereto) has at all relevant times subsequent to its issue date been fully enforceable and is now fully enforceable.

37. Upon and subsequent to the issuance of the '642 patent, and the notices to the Defendants, including on August 2, 2017, Defendants have infringed the '642 patent by making, using, importing, offering to sell, and/or selling, and continuing to make, use, import, offer to sell, offer to lease, lease and/or sell the accused products, which come within the scope of at least one claim of the '642 patent.

38. The making, using, importing, offering to sell, and/or selling of the accused products by Defendants, and/or contributing to and/or inducing the infringing activities of others, has been without authority or license from Colt and is in violation of Colt's rights under the '642 patent, thereby infringing the '642 patent.

39. Upon information and belief, Colt alleges that Defendants' foregoing infringing acts have been with full knowledge of Colt's rights and interests, thereby constituting willful patent infringement.

40. Colt has been damaged by Defendants' acts as alleged in this complaint, and Defendants have improperly profited thereby. Defendants are therefore liable for money damages pursuant to 35 U.S.C. § 284 to Colt from at least as early as August 1, 2017. Colt is entitled to a complete accounting of all revenue derived by Defendants from the unlawful conduct alleged herein in order to determine the full amount of money damages which Colt has suffered due to Defendants' acts of infringement, with Colt being entitled to damages adequate to fully compensate it for the infringements.

41. The harm to Colt arising from Defendants' acts of infringement of Colt's '642 patent is not fully compensable by money damages. Rather, Colt has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined. Defendants must therefore be enjoined and deterred from any further violations of Colt's rights in the '642 patent through a permanent injunction.

42. Defendants should also be required to pay Colt's attorneys' fees, expenses, and costs for their willful and blatant disregard of Colt's patent rights.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Colt demands judgment against Defendants, jointly and severally, as follows:

A. A finding that all Defendants have directly infringed the '642 patent.

B. A finding that Defendants Quasar and Cinelease have induced infringement of the '642 patent.

C. A finding that Defendants Quasar and Cinelease have committed contributory infringement of the '642 patent.

11

D.    For an order preliminarily and permanently enjoining all Defendants, and their officers, directors, agents, servants, attorneys, affiliates, and employees and all other persons acting in concert with them from committing any further acts of infringement (direct or indirect), including but not limited to, manufacturing, using, importing, offering to sell, offering to lease, leasing, and selling the accused product (or products colorably similar thereto), or aiding or abetting or assisting others in such infringing activities;

E.    For an order seizing and impounding all accused products and all manufacturing supplies in Defendants' possession or control;

F.    For an order directing Defendants to file with this Court and to serve on Colt within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with and are continuing to comply with the injunction and order of this Court;

G.    For a judgment to be entered for Colt against Defendants awarding damages adequate to fully compensate Colt for the infringement;

H.    For a judgment awarding to Colt pre-judgment and post-judgment interest until the award is fully paid;

I.    For a judgment that Defendants have willfully and deliberately infringed Colt's patent rights, such that it is determined that this is an exceptional case entitling Colt to enhanced damages under the Patent Laws of the United States;

J.    For an award to Colt of costs, expenses, and attorneys' fees, incurred in bringing this action under the Patent Laws of the United States; and

///
///
///
///

K.    For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: October 5, 2017    By:    /s/Kelly W. Cunningham
Kelly W. Cunningham, Esq.
C. Wook Pak, Esq.

Attorneys for Plaintiff,
Colt International Clothing, Inc.
dba Colt LED

T:\17-34086\Complaint for bicolor patent infringement against Quasar etc.docx

## **DEMAND FOR JURY TRIAL**

Colt hereby demands a trial by jury on all issues raised by the Complaint so triable.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: October 5, 2017     By:    /s/ Kelly W. Cunningham
Kelly W. Cunningham, Esq.
C. Wook Pak, Esq.

Attorneys for Plaintiff,
Colt International Clothing, Inc.
dba Colt LED

T:\17-34086\Complaint for bicolor patent infringement against Quasar etc.docx

**Colt International Clothing Inc.**
**Complaint for Patent Infringement**